UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIAM OPENSHAW,

    Plaintiff,

v.

WEXFORD MEDICAL DEPARTMENT,
DAMIEN FAYALL and
DR. GETACHEW,

    Defendants.

Civil Action No. TDC-15-3521

**MEMORANDUM OPINION**

Self-represented Plaintiff William Openshaw, who is currently confined at Patuxent Institution ("Patuxent") in Jessup, Maryland, filed this Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Wexford Health Sources, Inc. ("Wexford"), incorrectly named in the Complaint as "Wexford Medical Department"; Damon Fayall, incorrectly named in the Complaint as "Damien Fayall"; and Asresahegn Getachew, identified incompletely in the Complaint as "Dr. Getachew," violated his civil rights in connection with providing medical treatment for hepatitis C. Defendants filed a Motion to Dismiss on March 15, 2016. Openshaw was notified that he had the right to file an Opposition to the Motion, and that failure to do so could result in dismissal of the case, but he has submitted no such brief. For the reasons set forth below, the Motion to Dismiss shall be granted.

**BACKGROUND**

The facts set forth in the Complaint are sparse. Openshaw was incarcerated at Roxbury Correctional Institution ("RCI") in 2009, at Maryland Correctional Institution-Hagerstown

("MCIH") in 2011, at the Metropolitan Transition Center ("MTC") in 2014, and at Patuxent in 2014. Each of these institutions was aware that he suffers from hepatitis C. Nevertheless, Openshaw asserts that each correctional facility "keep[s] passing the buck to the next prison" with respect to treatment for hepatitis C, and that prison officials have sent him to Bon Secours Health System ("Bon Secours") for treatment. Compl. at 3. He seeks "the right medication so I won't be in physical pain anymore" and asks that he be treated at the University of Maryland Hospital rather than at Bon Secours. *Id.*

## DISCUSSION

Defendants offer two reasons that the Complaint should be dismissed. First, they assert that Openshaw has failed to state a claim against Wexford because there is no vicarious liability under 42 U.S.C. § 1983. Second, they claim that Openshaw has not alleged sufficient facts to establish that any Defendant deprived him of his constitutional rights.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. Vicarious Liability

42 U.S.C. § 1983 allows individuals to sue in federal court any person who violates their federally protected rights while acting under color of state law. Private companies that employ individuals acting under color of state law are considered "persons" for the purposes of § 1983, but they cannot be held liable for violating a plaintiff's rights solely because they employ an individual who committed an unlawful act. *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, they can be sued under § 1983 only if the violation results from the company's custom or policy. *Id. Cf. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (holding that there is no vicarious liability for § 1983 claims against local government entities).

Thus, while Wexford is responsible for "the delivery of medical care in a prison setting," a duty that Defendants acknowledge is "a governmental function," Def's Mem. at 4, ECF No. 9-2, absent a particular custom or policy that led to the deprivation of Openshaw's constitutional rights, Wexford cannot be held liable for his claims under § 1983. *See Austin*, 195 F.3d at 728. Here, however, Openshaw has alleged no specific custom or policy of Wexford that resulted in the loss of any rights. Because the Complaint does not include facts sufficient to support a claim against Wexford, the claim against Wexford is dismissed.

## III. Eighth Amendment

The Eighth Amendment to the United States Constitution prohibits unnecessary and wanton infliction of pain by virtue of its guarantee against cruel and unusual punishment. *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976). This safeguard not only bears on "those punishments authorized by statute and imposed by a criminal judgment," but equally extends to "the treatment a prisoner receives in prison and the conditions under which he is confined."

*De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Thus, claims concerning the denial or adequacy of medical care to incarcerated persons arise under the Eighth Amendment, because the deliberate indifference to an incarcerated person's serious medical needs "constitutes the 'unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg*, 428 U.S. at 173)).

An Eighth Amendment claim based on denial of medical care has both objective and subjective components. To state such a claim, an incarcerated plaintiff must establish that, "objectively assessed, he had a sufficiently serious medical need to require medical treatment," and that the defendant prison official was "subjectively aware of the need and of its seriousness" but "nevertheless acted with deliberate indifference to it by declining to secure available medical attention." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995). "Deliberate indifference" entails more than ordinary negligence or lack of due care for the prisoner's interests or safety; it instead requires that a prison official actually "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *De'Lonta*, 330 F.3d at 634 (stating that deliberate indifference requires "that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm"). "Actual knowledge or awareness" on the part of prison staff is essential to an Eighth Amendment claim for denial of medical care, because prison officials who lacked knowledge of a medical risk cannot be said to have inflicted cruel and unusual punishment by withholding treatment. *Brice*, 58 F.3d at 105 (citing *Farmer*, 511 U.S. at 844)). Once the requisite subjective knowledge is established, an official may avoid liability by demonstrating that he or she responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844.

Under this stringent standard, Openshaw has failed to state an Eighth Amendment claim for deliberate indifference against either Fayall or Getachew (the "Individual Defendants"). The allegation that "[t]hey all keep trying to send me to Bon Secours," Compl. at 3, cannot state a claim under the Eighth Amendment because a prison inmate "does not enjoy a constitutional right to the treatment of his or her choice." *De'Lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013). A disagreement between an inmate and prison staff over proper treatment does not rise to the level of deliberate indifference "unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also De'Lonta*, 708 F.3d at 526 n.4 (stating that "the essential test is one of medical necessity and not simply that which may be considered desirable"). Consequently, unless Openshaw can allege facts demonstrating that the treatment available at Bon Secours is not adequate to address his serious medical needs, and that the Individual Defendants knew this was the case yet persisted in referring him to Bon Secours for treatment, Openshaw's preference for treatment at the University of Maryland Hospital is insufficient to state a claim under the Eighth Amendment.

As for the allegations that "they keep passing the buck" and that Openshaw has not been provided with "the right medication" for his hepatitis C, resulting in physical pain, Compl. at 3, these claims are also insufficient to state a plausible claim that any Individual Defendant acted with deliberate indifference to his serious medical needs. Preliminarily, Openshaw has not alleged any personal participation by Fayall or Getachew in the alleged failure to provide appropriate medication or other treatment. Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Without specific facts about each Individual Defendant's participation in the alleged deprivation of rights, Openshaw has not stated a plausible claim against the Individual

Defendants. In addition, although Openshaw claims that each prison at which he was incarcerated was aware that he suffers from hepatitis C and that he was not given the right medication, he has not alleged sufficient facts to support the conclusion that any Individual Defendant was subjectively aware of Openshaw's medical need for a particular medication yet was deliberately indifferent to that need. Because the Complaint does not contain sufficient facts to support a conclusion that the Individual Defendants acted with deliberate indifference in responding to Openshaw's medical condition, the Motion to Dismiss will be granted.

Defendants, however, have not provided any indication of what medical treatment for hepatitis C, if any, has been provided to Openshaw, when it was provided, and whether it has adequately addressed Openshaw's medical needs. Because the Court cannot conclude that no facts could be asserted that would state a plausible claim of deliberate indifference to a serious medical need, the Complaint will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. The Complaint is DISMISSED WITHOUT PREJUDICE. A separate Order shall issue.

Date: February 16, 2017

THEODORE D. CHUANG
United States District Judge